O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. STICKLER AND LUCY H. STICKLER, | Case No. CV 11-02891 DDP (OPx) |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| WASHINGTON MUTUAL BANK F.A., et al., | [Motion filed on 5/6/11] |
| Defendants. | |

Presently before the court is Defendant JP Morgan Chase Bank, N.A. ("Chase")'s Motion to Dismiss Plaintiff's Complaint. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.    Background**

In February 2006, Plaintiffs obtained a $950,000 loan by executing a promissory note ("Note") and Deed of Trust to the property at 43017 Tenaja Road, Murrieta, California 92562. (Complaint ¶¶ 13, 17; Chase's Request for Judicial Notice, Exhibit A). Plaintiffs' Note was later securitized and sold to investors. (Compl. ¶ 25.)

1  Plaintiffs ceased making loan payments in January 2009.
2  (Compl. ¶ 72.)  Plaintiffs' repeated applications for a loan
3  modification were denied.  (Compl. ¶¶ 74-75.)  Plaintiffs resumed
4  making loan payments between in July 2009 before once again ceasing
5  payment in July 2010.  (Compl. ¶¶ 75, 79-80.) Plaintiffs were again
6  denied a loan modification several times.  (Compl. ¶¶ 78, 80.)
7  On April 6, 2011, Plaintiff filed the instant action against
8  Chase, alleging six causes of action for declaratory relief,
9  intentional misrepresentation, negligent misrepresentation, quiet
10 title, lack of formation of contract, and breach of covenant of
11 good faith and fair dealing.  Plaintiffs filed the action "to
12 prevent the improper taking and/or foreclosure of their property"
13 and "to establish who 'owns the debt' secured by the Plaintiffs'
14 Trust Deed."  (Compl. ¶¶ 1, 3.)  Chase now moves to dismiss the
15 complaint in its entirety.

16 **II. Legal Standard**

17 A complaint will survive a motion to dismiss when it
18 "contain[s] sufficient factual matter, accepted as true, to state a
19 claim to relief that is plausible on its face." Ashcroft v. Iqbal,
20 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly,
21 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6)
22 motion, a court must "accept as true all allegations of material
23 fact and must construe those facts in the light most favorable to
24 the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.
25 2000).  Although a complaint need not include "detailed factual
26 allegations," it must offer "more than an unadorned,
27 the-defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct.
28 at 1949.  Conclusory allegations or allegations that are no more

2

than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

### III. Discussion

Chase argues that Plaintiffs' complaint must be dismissed for failure to allege ability to tender the full amount of the loan. (Motion at 4). The court agrees. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009). Similarly, "[a] cause of action 'implicitly integrated' with the irregular sale fails" unless the tender requirement is met. Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 579; The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs

3

would be unable, even under proper sale procedures, to redeem a property. <u>FPCI RE-HAB 01 v. E & G Investments, Ltd</u>., 207 Cal.App.3d 1018, 1021-22 (1989).

District courts need not dismiss all foreclosure cases as a matter of law for failure to plead ability to tender. (Opposition at 5). For example, a trial court has discretion to apply the tender requirement where plaintiffs seek to rescind a loan under the Truth in Lending Act, 15 U.S.C. § 1625(b). <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1171 (9th Cir. 2003); <u>Del Valle v. Mortgage Bank of Col.</u>, 2010 WL 1813505 at *6, 9 (E.D. Cal. 2010).[1] Nor is tender required when plaintiffs bring suit under California Civil Code section 2923.5. <u>Das v. WMC Mortgage Corp.</u>, 2010 WL 4393885 *2 (N.D. Cal. 2010). Section 2923.5 requires loan holders to contact borrowers to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."[2] Cal. Civ. Code § 2923.5(a)(2). As the <u>Das</u> court observed, voiding a foreclosure for failure to comply with Section 2923.5 would not be futile, even absent ability to tender, because the very purpose of Section 2923.5 is to facilitate loan modifications, avoid foreclosure, and thus obviate the need for the plaintiff to redeem the property. <u>Das</u>, 2010 WL 4393885 * 3.

Here, however, Plaintiffs have not raised a California Civil Code section 2923.5 claim or a TILA claim. Though Plaintiffs contends in their opposition that they are "not seeking to set

---

[1] Notably, both the <u>Yamamoto</u> and <u>Del Valle</u> courts did apply the tender requirement. <u>Yamamoto</u>, 329 F.3d at 1173; <u>Del Valle</u>, 2010 WL 1813505 *12.

[2] Section 2923.5 became effective January 1, 2010.

4

aside a foreclosure sale," that assertion is flatly contradicted by Plaintiffs' complaint, which states that Plaintiffs seek "to prevent the improper taking and/or foreclosure of their property." All of Plaintiffs' claims are based upon, or implicitly integrated with, a wrongful foreclosure. Therefore, to maintain this action, Plaintiffs must have alleged an ability to tender. Plaintiffs have not satisfied California's tender rule.

**IV. Conclusion**

For the reasons stated above. Chase's Motion to Dismiss Complaint is GRANTED.

IT IS SO ORDERED.

Dated: September 27, 2011

DEAN D. PREGERSON
United States District Judge